


FILED

Jan 28 2025, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

**E.W.,**

*Appellant-Defendant*

v.

**J.K.,**

*Appellee-Plaintiff*

---

January 28, 2025

Court of Appeals Case No.
24A-PO-1331

Appeal from the Marion Superior Court

The Honorable Therese Hannah, Magistrate

Trial Court Cause No.
49D13-2404-PO-15710

---

**Opinion by Judge Bradford**
Judges Bailey and Foley concur.

**Bradford, Judge.**

# Case Summary

[1]  E.W. appeals from the trial court's order for protection entered against her in favor of J.K. On appeal, E.W. argues that J.K. failed to establish that she represented a credible threat of physical harm to J.K. E.W. also argues that her behavior did not rise to the level of impermissible contact necessary to establish harassment. Because we disagree, we affirm.

# Facts and Procedural History

[2]  In November of 2022, J.K., from inside her home, observed her next-door neighbor, E.W., outside "with a bright flashlight shining it" into J.K.'s dining-room window. May 28 Hearing Tr. p. 7. While E.W. remained on her own property, she followed J.K. to her kitchen window, "crouched down," and continued shining her light. May 28 Hearing Tr. p. 8. J.K. called the police regarding the incident.

[3]  E.W. had cameras "everywhere" and motion lights on in J.K.'s side windows "constantly." May 28 Hearing Tr. p. 8. Beginning in January of 2023, anytime J.K. went into her backyard, "within minutes, sometimes even seconds, [E.W.] would be there constantly just watching [J.K.]" May 28 Hearing Tr. p. 8. This caused J.K. "great mental distress." May 28 Hearing Tr. p. 9. In the fall of 2023, J.K. installed a six-foot-tall privacy fence on her property. E.W. admitted that she "put the camera up higher" so that she could "see" J.K. over the six-foot fence. May 28 Hearing Tr. p. 33. E.W. apparently has sixteen cameras

around her home and a "whole basket full of film on [J.K.]" May 28 Hearing Tr. p. 34.

[4] On April 10, 2024, J.K. petitioned for an order for protection against E.W., alleging that she had been and continued to be a victim of stalking and harassment. Specifically, J.K. asked the trial court to order the removal of a camera aimed toward her house from E.W.'s property. In response, E.W. petitioned for an order for protection against J.K. At the conclusion of the hearing held on May 28, 2024, the trial court granted J.K.'s petition and denied E.W.'s.

[5] Specifically, the trial court found that J.K. had shown, by a preponderance of the evidence, that repeated acts of harassment had occurred and were sufficient to justify the issuance of the order for protection. The trial court also found that E.W. "is permitted to maintain surveillance cameras which monitor her own Property and surrounding area up to a height of six feet." Appellant's App. Vol. II p. 22. However, E.W. is "prohibited from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with" J.K. Appellant's App. Vol. II p. 22. The order for protection expires on May 28, 2025.

## Discussion and Decision

[6] When reviewing the issuance of an order for protection on appeal, we apply a two-tiered standard, considering "whether the evidence supports the court's findings and, if so, whether those findings support the judgment." *S.D. v. G.D.*,

211 N.E.3d 494, 497 (Ind. 2023). "[W]e neither reweigh the evidence nor determine the credibility of witnesses, and we consider only the evidence favorable to the trial court's decision." *Id.*

[7] Under the Indiana Civil Protection Order Act ("CPOA"), "[a] person who is or has been subjected to harassment may file a petition for an order for protection against a person who has committed repeated acts of harassment against the petitioner." Ind. Code § 34-26-5-2(b). Harassment is "conduct directed toward a victim that includes, but is not limited to, repeated or continuing impermissible contact: (1) that would cause a reasonable person to suffer emotional distress; and (2) that actually causes the victim to suffer emotional distress." Ind. Code § 34-6-2-51.5(a). "Harassment" does not include "statutorily or constitutionally protected activity[.]" Ind. Code § 34-6-2-51.5(b).

[8] To justify the issuance of an order for protection, the harassment must objectively include a present and credible threat. *S.H. v. D.W.*, 139 N.E.3d 214, 220 (Ind. 2020). A credible threat is "plausible or believable." *Id.* The burden is on the petitioner to show, by a preponderance of the evidence, "that there are reasonable grounds to believe that the respondent presently intends to harm the petitioner or the petitioner's family." *Id.*

[9] E.W. contends that, because J.K. "failed to establish that E.W. represented a credible threat of physical harm," the trial court erred in granting J.K.'s

petition.[1]  Appellant's Br. p. 10.  E.W. relies on *Tons v. Bley*, 815 N.E.2d 508 (Ind. Ct. App. 2004), to support the proposition that J.K. has failed to establish that E.W. posed a credible threat of physical harm.  In *Tons*, we reversed an order for protection where the basis for the order had been "unspecified acts of violence" which had occurred eight years prior.  815 N.E.2d at 511.  E.W. further relies on *L.R. v. M.H.*, 223 N.E.3d 675 (Ind. Ct. App. 2023), to support the contention that her conduct did not constitute harassment.  In *L.R.*, we reversed an order for protection where only four contacts, two of which had appeared to be attempts to repair their friendship, had occurred between two middle-school students.  223 N.E.3d at 682.

[10]  The nature of the events at issue here are neither dated nor unspecified as the events were in *Tons*, nor are they as isolated and mild as in *L.R.*[2]  Starting as recently as November of 2022, J.K. observed E.W. shining a flashlight into J.K.'s windows.  From January of 2023, E.W. would meet J.K. outside "every single time" J.K. went outside, "within minutes, sometimes even seconds."  May 28 Hearing Tr. p. 8.  E.W. had cameras "everywhere" and motion lights on in J.K.'s windows "constantly."  May 28 Hearing Tr. p. 8.  Even after J.K. installed a six-foot-tall privacy fence on her property in the fall of 2023, E.W.

---

[1] To the extent that E.W. argues that the order issued has restricted E.W.'s rights to her own home, we disagree.  E.W. is not restricted from monitoring her own property by the terms of the order.

[2] E.W.'s reliance on *L.O. v. D.O.*, 124 N.E.3d 1237 (Ind. Ct. App. 2019) is also misguided.  Unlike in *L.O.*, where both parties initiated their disagreements, 124 N.E.3d at 1240, E.W. both initiated and continued her one-sided misbehavior, even after J.K. installed a six-foot-tall fence in an apparent attempt to obtain relief from E.W.'s monitoring, by raising her camera above the fence.

moved a camera higher to be able to see J.K. over the fence. E.W. has engaged in sufficient monitoring of J.K. to have obtained a "whole basket full of film" on her. May 28 Hearing Tr. p. 34.

[11] The above-described evidence was sufficient to support the trial court's finding that E.W. had engaged in repeated acts of harassment.[3] We cannot say that the trial court erred in determining that E.W.'s behavior represented a credible threat to J.K., and we reject E.W.'s argument that her behavior and surveillance of her neighbor was merely "annoying and unneighborly." Appellant's Br. p. 13. J.K. testified that E.W.'s behavior has caused her to feel frightened and mentally distressed. We cannot say that such fear is unreasonable.

[12] We affirm the judgment of the trial court.[4]

Bailey, J., and Foley, J. concur.

ATTORNEYS FOR APPELLANT
Bryan L. Ciyou
Ciyou & Associates, P.C.
Indianapolis, Indiana

---

[3] To the extent that E.W. argues that the trial court's order required more detailed findings of fact and legal conclusions, we disagree. The trial court's order sufficiently found that J.K. had "shown, by a preponderance of the evidence, that repeated acts of harassment … occurred sufficient to justify" the issuance of an order for protection, and at the May 28 hearing, the court stated that it was "concerned by the volume of a number of cameras and videotaping that's going on from [E.W.]" May 28 Hearing Tr. p. 35. The court's findings based on the evidence presented at the hearing were sufficient to support the order.

[4] We note that J.K.'s brief does not fully conform with the appellate rules and remind the parties that all future pleadings filed before this court should do so. However, because its deficiencies do not impede the resolution of this case, we have denied E.W.'s motion to strike.

Anne M. Lowe
Fugate Gangstad Lowe, LLC
Carmel, Indiana


APPELLEE *PRO SE*

J.K.
Indianapolis, Indiana